IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RITA BAKER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 3:16-CV-3147** |
| vs. | § | |
| | § | |
| **CHILDREN'S HEALTH SYSTEM OF TEXAS,** | § | |
| | § | **Jury Demanded** |
| | § | |
| **Defendant.** | § | |

## ORIGINAL COMPLAINT

Plaintiff Rita Baker ("Plaintiff" or "Baker") brings this action against Defendant Children's Health System of Texas ("Defendant" or "CHST") and would show this Court as follows:

### I.   PARTIES

1.   Plaintiff Rita Baker is an individual who is a resident of the State of Texas.

2.   Defendant Children's Health System of Texas is a health system organized under the laws of the state of Texas, with operations in Texas.  Defendant CHST may be served by serving its registered agent, CT Corp System at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

### II.   JURISDICTION AND VENUE

3.   This Court has jurisdiction over this case because Plaintiff has asserted claims under federal law, specifically United States Code, Title 29, § 2601 *et seq.*

4.   Venue properly lies in this Court because all acts and omissions giving rise to this claim took place in Dallas County, which is in the District and Division in which suit has been filed.

III.   FACTS

5. Plaintiff began her employment with Defendant in 1978 as a nurse.

6. Absent a few intermittent leave periods to pursue other opportunities, Plaintiff worked for Defendant for more than 30 years.

7. In 2013, while she was employed by Defendant, Plaintiff broke her arm and requested and received FMLA leave.

8. In April 2014, Plaintiff returned to work at CHST after exhausting her FMLA leave.

9. From April 2014 to March 2015, Plaintiff missed work due to various medical issues (i.e., migraines and back spasms) as well some lingering effects from her broken arm. CHST approved Plaintiff's absences.

10. On March 10, 2015, Plaintiff was asked to speak with Teresa Gossett ("Gossett"), Pavilion Surgery Center OR Manager, regarding write-ups about past illnesses and to review her work schedule. In this meeting, Gossett stated that Plaintiff needed to move to a part-time schedule due to her medical conditions. Gossett also told Plaintiff to apply for intermittent FMLA leave, so that if any other problems arose, her job would be protected. Gossett set a next-day deadline for Plaintiff to confirm whether or not she would agree to a reduced schedule.

11. Plaintiff and Gossett did not meet the next day as originally scheduled but at her department's monthly meeting on March 13, Plaintiff asked if she could inform Gossett on Monday, March 16 of her decision regarding the part-time work. Gossett said she preferred they meet on Tuesday, March 17. At the monthly meeting, Plaintiff also informed Gossett that she had applied for FMLA as instructed and if it was approved, it would be effective March 12.

12. On Monday, March 16, 2015, Gossett called Plaintiff into her office. Gossett informed Plaintiff that she could resign or be terminated. Gossett stated that her supervisors, Sherry Bobo and Sherry Eakin, instructed Gossett to terminate Plaintiff. Gossett informed Plaintiff she was terminated for the following reasons:

    a. A disability regarding her arm;

    b. Too much time off work for sick time; and

    c. Lack of dependability.

13. Given Gossett's ultimatum, Plaintiff chose to resign. Since Plaintiff would be terminated regardless, her resignation is considered a constructive discharge.

14. Plaintiff was determined FMLA-eligible for intermittent leave as of March 12, 2015.

## IV. CAUSE OF ACTION

### COUNT ONE: INTERFERENCE WITH FMLA RIGHTS

15. Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 14 hereinabove.

16. 29 U.S.C. § 2615 prohibits employers from interfering with, restraining, or denying the exercise of or the attempt to exercise, an employee's FMLA rights.

17. As summarized above, Defendant denied Plaintiff's request for FMLA-protected leave and accommodations by terminating Plaintiff for her medical condition which was covered and protected by the FMLA.

18. As a result of Defendant's actions, Plaintiff suffered and continues to suffer damages and Plaintiff hereby sues.

19. Plaintiff further requests her attorneys' fees under 29 U.S.C. § 2617(a)(3).

## COUNT TWO: RETALIATION UNDER THE FAMILY & MEDICAL LEAVE ACT

20. Plaintiff incorporates Paragraphs 1 through 19 hereinabove as if fully set forth herein at length.

21. 29 U.S.C. § 2615 prohibits retaliation against an employee for (1) exercising her rights under the FMLA, (2) opposing any unlawful employment practice under the FMLA, or (3) instituting any FMLA proceeding.

22. As summarized above, Defendant terminated Plaintiff for exercising her rights under the FMLA.

23. Plaintiff suffered and continues to suffer damages as a result of Defendant's actions, and Plaintiff hereby sues.

24. Plaintiff further requests her attorneys' fees under 29 U.S.C. § 2617(a)(3).

## V.   JURY TRIAL DEMAND

25. Plaintiff demands a trial by jury on all issues of facts and damages raised in this case.

## VI.   RELIEF SOUGHT

26. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant as follows:

   a. Front pay and back pay in an amount to be determined by the jury;

   b. Liquidated damages;

   d. Reasonable attorneys' fees, expenses, and costs of the action;

   e. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

  f. For such other and further relief as the Court shall deem just and proper.

        Respectfully submitted,

        **SIMON | PASCHAL PLLC**
        13601 Preston Road, Suite W870
        Dallas, Texas 75240
        (972) 893-9340 Telephone
        (972) 893-9350 Facsimile

        By: /s/ Paul W. Simon
         Paul W. Simon, Attorney-in-Charge
         State Bar No. 24060611
         paul@simonpaschal.com
         Dustin A. Paschal
         State Bar No. 24051160
         dustin@simonpaschal.com

        **ATTORNEYS FOR PLAINTIFF**
        **RITA BAKER**